OLD COLONY CO-OPERATIVE BANK *vs.* GEORGE E. THURBER, *Ex. et al.*

NOVEMBER 6, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is a bill of interpleader to determine the ownership of certain money deposited in the complainant bank in an account standing in the names of Phebe L. Sayles or Myrtella Inez Sayles and payable to either, or the survivor of them. Pursuant to a decree of interpleader the proceeds were paid into the registry of the superior court and the cause was then heard on bill, answers and proof. Thereupon a decision was rendered and a final decree accordingly was entered, finding that the respondent Thurber, as executor of the will of said Phebe L. Sayles, deceased, was entitled to the proceeds of this account. The cause is before us upon an appeal from that decree taken by respondent Nill, whose maiden name was Myrtella Inez Sayles.

It appears in evidence that Phebe L. Sayles, mother of the respondent Myrtella Inez Sayles Nill, opened account No. S-639 in the complainant bank on February 4, 1932 by a deposit of $5023.54. This money belonged entirely to the mother and the account stood in her name alone. On May 17, 1932 the mother made a second deposit in this account of $4366.04 which also belonged solely to her. On July 15, 1932 the mother caused the bank to add to this account the maiden name of her daughter Myrtella Inez Sayles, the appellant. The account and bankbook were changed accordingly and stood thereafter in the names of "Phebe L. Sayles, or, Myrtella Inez Sayles and payable to either, or the survivor of them." At that time the appellant was married and was living and working in California.

The appellant testified that her mother then had mailed her a letter and had enclosed a signature card from the bank with instructions that she sign and return it to the bank. Appellant carried out these instructions. In the same letter, according to the appellant, her mother expressly declared, in substance, that she intended to make and was then making a gift to her of all the money in this account. This letter, however, was not produced in evidence. The appellant never made any of the deposits in this account and never made or attempted to make any withdrawal therefrom; nor did she ever have actual possession or custody of the bankbook. All deposits and all withdrawals, both before and after the appellant's name was added, were made by the mother alone and no part of these withdrawals was disposed of directly or indirectly for the benefit of the appellant.

There was testimony tending to show that the bankbook had been left in the custody of the bank and that it remained there at all times after the appellant's name had been added to the account. On the other hand, there was evidence in one of the mother's letters from which it could be argued that exclusive possession and control of the bankbook remained in the mother as late as October 1939. The appellant introduced, for the purpose of corroborating her claim of a gift, several complete letters and portions of others, which she testified had been written to her by her mother. With one possible exception, no letter bearing directly on this issue was produced in its entirety. They included portions—some as small as a few lines—which appellant had selected and had clipped from letters. The corresponding envelopes were not produced and the dates depended largely on appellant's testimony. ·

The above-mentioned exception was a letter which the appellant testified was written by her mother October 7, 1939. It comprised two sheets of paper having several different distinguishing characteristics. Among others, the first sheet contained only handwriting in ink and seemed to be complete. The second sheet also contained such handwriting

excepting that there was plainly added in pencil in the lower left-hand corner the notation "Oct. 1939"; and on another line, apart from all other writing, where only "No. S-639" was written in ink, there plainly was added in pencil "No. your Book." This sheet contained no salutation or mark of continuation from or connection with the subject matter on the first sheet; and it was not signed by any name or description. The other respondent objected generally to its admission and also seriously questioned the authenticity of the added pencil notations and the alleged connection with the first sheet.

The appellant testified in explanation of why she had mutilated these letters by cutting and saving only portions therefrom, although she knew they were important to her, and why she had failed to produce certain other important letters or any part thereof.

The appellant made several trips East in 1927, 1928, 1929, 1930 and 1937 to visit her mother and she testified that "every time" she came, "every year", and particularly in 1927 and 1928, she inquired at the bank about this account. The bank records showed that such account was not opened until 1932. She also testified that on such visits her mother frequently repeated her intention to make a gift of this account to her; that the withdrawals, particularly three of $2000 each, were made with her permission and on her mother's promise to repay them, as her mother had written to her; and that her mother had deposited $1000 in this account in partial repayment for one of such withdrawals. The bank record showed that the first of these withdrawals was made before appellant's name was added; that no deposit of $1000 was made at any time; and she did not produce any letter corroborating such testimony.

On April 13, 1939, almost seven years after the alleged gift, the mother executed her last will and testament, a certified copy of which was in evidence. Paragraph eighth thereof provides: "Upon my death I direct my executor hereinafter named to divide the amount of the balance then

due me from the Old Colony Cooperative Bank in Providence on the account standing in my name and designated as No. s-639 and all other funds and moneys if any then due me or deposited to my credit in said bank, into two equal parts, and I direct my said executor to pay over and deliver one of such equal parts to my daughter Mary Smith Sayles Joy, and to pay over and deliver the other of said equal parts to my said granddaughters, Eva G. Carr and Janice J. Joy share and share alike for their own use forever."

The mother died on May 20, 1940 and the respondent Thurber, as duly appointed and qualified executor under her will, demanded the bankbook and money deposited in account No. S-639. The appellant shortly thereafter, as the survivor named and' described in the book and account, made a similar demand. The evidence also showed that the mother had a second account in the complainant bank, No. S. 290100, which stood in her name alone.

The controlling question was whether on July 15, 1932 Phebe L. Sayles freely and voluntarily made a gift to the appellant, to take effect presently, of a joint interest in the savings account in the complainant bank represented by bankbook No. S-639, as appellant contended; or whether Phebe L. Sayles intended such gift, if any, to take effect only upon her death, being in the nature of an attempted testamentary disposition, as respondent Thurber contended.

The trial justice, in his rescript, discussed the documentary evidence and testimony presented by the parties; referred at some length to the character and value of the mutilated documentary evidence which the appellant produced in support of her testimony; and also alluded to the value he placed on her explanations for producing only the clipped portions or snatches from those letters and for failing to produce any part of certain other important letters relied upon by her.

After considering these and several doubtful and disputed characteristics of the alleged letter of October 7, 1939, he stated, in substance, that he was not favorably impressed

with appellant's credibility. He also found that the act of her mother, evidenced by the making of her last will, in which she disposed of the money deposited in that account by specifically mentioning account "No. s-639", was in sharp conflict with and weighed heavily against any conclusion that the mother had intended, by the addition of appellant's name on this account and book, to make and complete a gift thereof *in praesenti*. He further found that the addition of the appellant's name was intended at most to be in the nature of a testamentary disposition and in these circumstances was invalid for failing to comply with pertinent statutory requirements. On all the evidence he found that the appellant had not sustained the burden of proving that her mother had intended and completed a gift, to take effect presently in July 1932, of a joint interest in the money deposited in this account.

The appellant now contends that the decision and decree were based upon a misconception of the law and that they are against the evidence and the weight thereof. From an examination of the transcript of evidence and the rescript, we cannot agree with the appellant's first contention. The trial justice referred to and quoted from several cases in which this court consistently has laid down the principles of law which govern this type of case. His rescript clearly shows that he understood such principles and that he was seeking to apply them to the evidence before him. Therefore it cannot be said that his decision was based upon any misconception of the law.

The appellant's principal contention is that the decision of the trial justice and the decree are clearly against the evidence and the weight thereof. She apparently argues as if the evidence were entirely undisputed and unequivocal. Some of it, however, was conflicting on important issues, particularly the two principal pieces of documentary evidence each of which emanated from the action of the alleged donor, *viz.*, the form of the account and the will. Other portions, though undisputed, were open clearly to different

interpretations; and the weight to be given to those interpretations could be influenced in a large measure by the credibility accorded to the appellant's own testimony and to the documentary evidence submitted by her. As to both of them, the trial justice stated expressly that he was not favorably impressed. Considering all of the facts and circumstances in evidence, different minds could reasonably draw different inferences and come fairly to different conclusions thereon. Upon an examination of all the evidence and the exhibits, and without the opportunity to see and hear the witnesses, we cannot say that his decision and findings of fact were clearly wrong.

The appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*William B. Sweeney,* for complainant.

*Frank Steere,* for respondent George E. Thurber, *Ex.*

*Ambrose Kennedy and James T. Greene,* for respondent Myrtella Inez Nill.